## FLANAGAN v. McWILLIAMS ET AL.

1. **Verdict:** CORRECTION OF: PRESUMPTON. Where in an action of replevin the defendant claimed the property under a note and mortgage which the plaintiff alleged were wholly without consideration, and the jury found for defendant, but fixed the value of his interest at much less than the amount of the note, *held,* that it would be presumed they found a partial failure of consideration, and the court was not authorized to correct the verdict and render judgment for the face of the note.

### *Appeal from Sac Circuit Court.*

FRIDAY, OCTOBER 24.

REPLEVIN. There was a verdict and judgment for defendants. Plaintiff appeals. The facts of the case appear in the opinion.

*Robinson & Milchrist*, for appellant.

*Lot Thomas* and *S. S. Powers*, for appellee.

BECK, CH. J.—I. The petition alleges that plaintiff is the absolute and unqualified owner of the property in controversy, consisting of horses, a wagon, harness, etc., and that defendants wrongfully detain the possession thereof. The alleged ground of detention of the property is shown to be that it is covered by a chattel mortgage executed by plaintiff to defendant McWilliams, to secure a note for $208. But it is averred that the note was given wholly without consideration, and plaintiff is, therefore, not indebted thereon. The answer denies the allegations of the petition and alleges that the note was given for a valid consideration. The answer also claims to recover damages for expenses in taking the property and commencing proceedings for foreclosure and for the value of the use of the property after the commencement of this action.

II. A demurrer to that part of the answer claiming damages was overruled. This action of the court is the first ground of objection urged upon our attention. We think if the ruling were erroneous, which we do not determine, it was

without prejudice, for the reason that under the instruction these items of damages could not have been considered by the jury in making up their verdict. They were directed that defendants' damage was measured by the amount of the value of their interest in the property, and no reference is made to the special damages claimed in the part of the answer assailed by the demurrer.

III. The jury returned this verdict: "We, the jury, do find that at the time of the commencement of this action the defendants were entitled to the possession of the property. The value of defendants' interest in the property we fix at the sum of one hundred dollars."

The defendants moved the court to correct the verdict of the jury so as to show the true value of the defendants' interest in the property which they claim in the motion to be the amount of the note and interest thereon. It is shown in the motion that such interest appears by the pleadings, as claimed by defendants, to be the amount of the note and interest. The court sustained the motion and rendered judgment accordingly. This action was erroneous, we think. The pleadings do not show that any sum is justly due on the note; on the contrary, plaintiffs aver that nothing is due thereon for the reason that the instrument was given without consideration. The issues of the case required the jury to find upon the evidence whether the note was wholly void for want of consideration. It cannot, therefore, be justly claimed that the pleadings admitted any sum to be due upon the note. But it is said that as the jury found for the defendants in the sum of $100, they must have found that the note was based upon a full consideration, as the issues involved the total, and not partial failure of the consideration. In this view the verdict evidently is not correct, for it should have been for the whole amount due on the note. We cannot presume that the jury found there was not a total failure of consideration, for in that case their verdict would have been in the amount due on the note. We will rather presume that they found a partial failure of consideration. Whether under the pleadings they were authorized to do this, we need not determine. That they so found we must conclude,

for their verdict is consistent with no other hypothesis. It is, therefore, evident that the jury did find the note was not based upon a full consideration. The pleadings, as we have seen, did not admit the consideration. The Circuit Court, therefore, was not authorized to render judgment for the amount of the note and interest.

Other questions discussed in the argument of counsel need not be considered, as they cannot arise again upon another trial of the case. For the error of the court above pointed out, the judgment is reversed and the cause remanded for a new trial, neither party asking for judgment upon the verdict.

REVERSED.